**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Francisco Arcibal, | Case No. 2:23-cv-00630-CDS-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| Natasha Koch, *et al.*, | |
| Defendants. | |

Plaintiff Francisco Arcibal brings this civil-rights case under 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. *Id*. His request to proceed *in forma pauperis* will, therefore, be granted.

The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    Analysis**

**A.    Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

1    factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

2    *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court

3    liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that

4    the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

5    *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

6        In considering whether the complaint states a claim, all allegations of material fact are

7    taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v.*

8    *Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

9    standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

10   more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

11   (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it

12   is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff

13   should be given leave to amend the complaint with notice regarding the complaint's deficiencies.

14   *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

15       **B.    Screening the Complaint**

16       Here, Plaintiff alleges that there are two different versions of his pre-Sentence

17   Investigation Report. According to Plaintiff, the Report the court relied on to impose sentence

18   contained slanderous comments and did not contain the state's seal.

19       Plaintiff asserts claims under the Fifth, Sixth, Eighth, and Fourteenth Amendment—all

20   based on the above facts. He names the following individuals as Defendants: (1) Parole and

21   Probation Chief Natasha Koch, (2) Parole and Probation "Lieutenant" D. McDaniel, (3) Parole

22   and Probation Supervisor Patricia Houlihan, and (4) Parole and Probation Supervisor N.

23   Antonucci.

24       "In order to recover damages under section 1983 for an allegedly unconstitutional

25   conviction or for other harm caused by actions the unlawfulness of which would render a

26   conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated."

27   *Trimble v. City of Santa Rose*, 49 F.3d 583, 585 (9th Cir. 2004). Here, a judgment in Plaintiff's

28   favor (finding that the information provided by Parole and Probation was false) would necessarily

imply the invalidity of his conviction or sentence. However, Plaintiff has not pled whether his conviction or sentence has been reversed or otherwise invalidated. As such, the Court cannot tell if his constitutional claims have accrued yet or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

If Plaintiff's conviction or sentence has not yet been reversed or invalidated, his constitutional claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

If Plaintiff wishes to pursue his claims, he must either (1) file an amended complaint by June 1, 2023, alleging that his underlying conviction or sentence has been invalidated or reversed, or (2) file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 880, 886 (9th Cir. 2004) (en banc). Section 2254 (b)–(d) outlines the various requirements an individual must exhaust before filing such a petition.

**C. Amendment**

If Plaintiff chooses to file an amended complaint, he is advised that the original complaint (ECF No. 1-1) will no longer serve any function in this case. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

//

//

//

---

[1] If the underlying sentence has not been invalidated, *Heck* bars civil suits based on improper presentencing reports. *See, e.g., Jamison v. Lenawee Cty. Probation Dep't*, No. 2:14-CV-13995, 2014 WL 6810409, at *2 (E.D. Mich. Dec. 2, 2014) ("Plaintiff's complaint challenges his present incarceration. He argues that he was sentenced based upon information improperly included in a presentence investigation report. The complaint necessarily challenges the validity of Plaintiff's sentence. . . . Because Plaintiff has not achieved a favorable termination of his criminal case, this complaint is barred by *Heck*."); *Brady v. Baldwin*, No. 17-cv-1203-NJR, 2018 WL 3496499, at *2 (S.D. Ill. June 20, 2018) ("In this case, Plaintiff argues he was unfairly sentenced based on an incomplete PSI. The PSI was allegedly incomplete because certain officials failed to release Plaintiff's mental health records, and Plaintiff is attempting to bring constitutional claims against those officials. Given this backdrop, a judgment in Plaintiff's favor would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding." (collecting cases)).

**II.     Conclusion**

     **IT IS THEREFORE ORDERED** that Plaintiff Francisco Arcibal's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

     **IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

     **IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is DISMISSED without prejudice.

     **IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, he must do so by June 1, 2023. In his amended complaint, **he must state whether his underlying conviction or sentence has been reversed or invalidated**. Failure to file an amended complaint in accordance with this Order will result in a recommendation that this case be dismissed.

     **IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an *in forma pauperis* application for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for the same.

     **IT IS FURTHER ORDERED** that if Plaintiff chooses to file a habeas corpus petition and an *in forma pauperis* application, he must do so in a new case.

     DATED: May 1, 2023.

                               _____
                               BRENDA WEKSLER
                               UNITED STATES MAGISTRATE JUDGE